## P. W. HOWARD v. THE STATE.

### No. 9807. Delivered Feb. 17, 1926.

**1.—Murder—Jury and Jury Law—Summoning Talesmen—Held, Improper.**

Where, on a trial for murder, appellant complains that talesmen were summoned to complete the jury by a deputy sheriff, from a list of names furnished him by the foremen of two railroad shops in El Paso. While in the instant case appellant's bill does not show injury, still such practice if tolerated, could result in serious injury, both to the state and appellant alike, and should not be permitted.

**2.—Same—Evidence—Former Wife as Witness—Not Competent.**

Where, on a trial for murder, the court permitted the state to prove by the divorced wife of appellant, and who was at the time of the transactions testified to by her his then wife, incriminating facts, in the acts conduct and declarations of appellant, during the marital relation, the admission of such testimony under Art. 714 C. C. P. of 1925, compels a reversal of the judgment.

**3.—Same—Evidence—Hearsay—Improperly Admitted.**

Where the state was permitted to prove by the witness Key what said witness had been told by Williams, Dunne and Dunnerson, such testimony was purely hearsay, and should not have been admitted.

Appeal from the District Court of El Paso. Tried below before the Hon. W. D. Howe, Judge.

Appeal from a conviction for murder, penalty confinement for life in the penitentiary.

The opinion states the case.

*Harper & Howard, Wm. H. Fryer* and *Moore & Smith* of El Paso, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the 34th District Court of El Paso County for the offense of murder, and his punishment assessed at confinement in the penitentiary for life.

The record in this case shows without dispute that on or about the 19th day of September, 1920, the appellant, W. S. Ham, and the deceased, N. C. Nixon, left the city of El Paso, in a Ford touring car, and drove in the direction of Big

Springs, by way of Sierra Blanca, Toyah and Pecos City; that the automobile in question belonged to said Nixon, and that he was hired to drive same on the trip in question; that all three of said parties were seen together at Sierra Blanca, Toyah and Pecos City; that the appellant and said Ham were seen in Big Springs in possession of said automobile, a few days after all of them had left El Paso, and without said Nixon, were using and offering for sale, said car. Outside of the testimony of said Ham, an accomplice, there was no testimony that Nixon was ever seen alive after all three of said parties were seen to leave Pecos City. About two and a half months thereafter, deceased's remains were discovered partly buried between Pecos City and Big Springs.

It was the contention of the state, and the accomplice Ham so testified, that after all three of said parties left Pecos and while going in the direction of Big Springs, at the appellant's suggestion the deceased stopped the car, and appellant took a shovel and went some two or three hundred yards, and began digging under the guise of prospecting for oil or minerals, and after he had dug a hole in the ground, sent Ham back to the car with instructions to tell the deceased to come out there, as he wanted to show him what he had found; and that on the deceased's approaching said hole, the appellant shot deceased twice with a pistol owned by said Ham, from the effects of which the deceased fell upon his hands, and while begging appellant not to kill him, he was struck two heavy blows by appellant over the head with said shovel; that the appellant then buried the deceased in said hole, and that he and Ham took possession of said car and continued their trip to Big Springs, arriving there about 9 or 10 o'clock that night, where both of them remained at the Rose House till morning with their respective wives. It was also contended by the state and evidence introduced in support thereof, that deceased was hired by the appellant in El Paso, to take him on a prospective mineral tour of about ten days, and that said Ham accompanied them back from El Paso on account of getting free transportation.

It was the contention of the appellant, and he so testified on his own behalf, that said Ham made the contract with the deceased for his car on the trip in question, and that he, the appellant, accompanied them from El Paso to Pecos for the purpose of observing the country and looking into the oil situation along the way, and especially at Pecos

and in that vicinity; and that after all three of them spent the night in Pecos, that he, the appellant, did not continue the trip from that point towards Big Springs, but that said deceased and Ham left Pecos alone, in said car, and that he remained there to look into the oil situation, and took the train from Pecos to Big Springs, and arrived in Big Springs that evening about 7 o'clock, but did not go to the house where his wife and Mrs. Ham were staying until about 10 o'clock that night, and that he did not know that said Ham had come in until early next morning when he arose and saw a car standing in front of the house, and that upon examination recognized it as the same car in which they had all ridden from El Paso to Pecos, and which belonged to the deceased. This is a sufficient statement of the facts for the discussion of this opinion.

The appellant's counsel have filed a very exhaustive brief contending that the trial court committed reversible errors, as set out and shown in their nineteen bills of exceptions. We deem it unnecessary to enter into a detailed discussion of each bill on account of the number and length of same, and for brevity will group the bills and questions raised, where it is possible to do so. The disposition we have made of this case eliminates many questions raised by some of said bills and which will not likely arise upon another trial, and for that reason it becomes unnecessary to go into a minute discussion of many questions complained of.

In bill of exceptions No. 1 appellant complains of the action of the deputy sheriff in summoning talesmen from two railroad shops in El Paso and from a list furnished him by the foremen thereof, and the court's refusal to sustain his motion to quash same. It is unnecessary for us at this time to discuss this bill fully, but we believe that it might be proper for us to state at this time, that this practice should not be commended, because, while in the instant case the bill does not show injury, still such practice, if tolerated, could result in serious injury both to the state and appellant alike.

Bills 3, 4 and 5 complain of the action of the court in permitting the state, over the objection of the appellant, after his divorced wife testified that on the night of the day that the state contended that the homicide occurred, and, while she and the appellant were living together as husband and wife, that he, appellant, and said Ham returned to their

homes in Big Springs, Texas, between 9 and 10 o'clock, to permit her to testify that she saw blood on his, appellant's shirt, and that she burned said shirt afterwards during the night. Appellant in this connection complains of the action of the court in refusing to retire the jury and in not allowing the witness to relate the entire transaction in the absence of the jury for the purpose of his bill, and further complains that her testimony as to seeing the blood on the shirt and the burning of same was in violation of Art. 714 C. C. P. of the new statutes, and Arts. 794-5 of the old statutes, inhibiting the husband and the wife, though divorced, from being witnesses against each other concerning any communications between them while the marriage relations existed. These bills as presented show no error in the ruling of the court in refusing to retire the jury in the instant case, because same show that the appellant knew, and so did the court, what her testimony would be, as same is set out in said bills. Her testimony that she saw stains which resembled blood on appellant's shirt did not come within the inhibition of the law relative to communications made between the wife and husband during the marital relation; but the testimony given by said witness to the effect that she burned said shirt, was clearly inadmissible. If she burned same without the knowledge or connivance of appellant, he would not be bound thereby, and if she burned it at his request or as a result of a private conversation between them, then we think it would come clearly within the articles above mentioned, and that the learned trial judge was in error in admitting said testimony, which will of necessity require a reversal of this case.

In bill of exception 16 complaint is made by appellant to the action of the court in permitting the witness Key for the state to testify over his objection, that he was told by Williams, Dunne, and Mr. Dunne's son, the three state's witnesses, that a man had been at his place of business wanting a car, and that he told him if he would some back later that he thought a man would be there who would make the trip for him; and that after Nixon, the deceased, and the men were gone, that he got in his car and looked for them; because the man who hired Nixon claimed to be an oil man. This testimony was objected to as being hearsay, and we think the objection is well taken, and in view of another trial, should be excluded if it is objected to.

Bill of exception No. 18 complains of refusal of the court to instruct the jury that the wife of the witness Ham was an accomplice. There is no merit in this contention and nothing in the record showing that said witness in any manner was in any way connected with the alleged homicide.

There are several bills complaining of the argument of the district attorney and other matters, but after a careful consideration of same we fail to find any error as herein presented.

For the errors above mentioned we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.